Read, J.
The writ of scire facias, to revive judgments m personal actions, is a statutory remedy unknown to the common law, and supposed to have been first introduced and its nature declared by the-statute of Westminster. 2, 13 Edw. I. Its usual office was to revive judgments, and enforce debts of record. By virtue of several statutes in our state, it has been introduced as an appropriate remedy in a variety of cases. But neither by ancient usage nor modern statute is it anything *but a legal remedy. Its nature, structure, and form are adapted only to legal procedure. It has never been introduced into courts of chancery, whore the forms of pleading and the mode of proof and trial are so different from courts of law. The parties to a suit in equity arc authorized to purge the conscience of each on oath; but the writ of scire facias, in its common law form, could not secure this right. A decree, in case of the death of the respondent, is revived against his heirs by a bill of revivor, or petition in the nature of *188 a bill of revivor. A court of chancery has its- own appropriate machinery to accomplish its ends and to carry into effect its decrees. The cases referred to in our own reports, to show that scire facias is the proper remedy to revive a decree against heirs, are all cases of judgments at law.
The objection to this writ, upon the ground that it is not the appropriate remedy, is well taken. •
Demurrer sustained, and writ dismissed with costs.