Swing, J.
This is a case on error to the Court of Common Pleas of Hamilton County. Upon the trial of the case in that court the following facts conclusively appeared:
One McKeon brought an action, on February 11, 1891, before a justice of the peace, against Samuel S. Knight & Son on an account, and in said action procured an attachment, and attached certain property of said Knight & Son, which said property consists of two engines, boilers, and certain appliances and machinery used in connection with said engines for the purpose of driving piling, and for similar purposes. While said property was under attachment and in possession of the constable, to-wit, on April 13, 1891, Samuel S. Knight replevined said property, and gave bond. Upon the trial of the action in replevin the said Samuel S. Knight claimed the property as his individual property, and set up his claim for an allowance of $600 as an exemption, claiming that he was the head of a family, a resident of the state, and not the owner of a homestead, and not the owner of any other property; but on the trial of this action the jury found against said Knight, and found that he was not entitled to the possession of the property at the commencement of said action in replevin, and judgment was awarded against said Knight for the costs, but no judgment was awarded for damages, as might have been done. Thereupon the constable levied on said property upon the *60 judgment which McKeon had obtained before said justice in the suit wherein he had the attachment proceedings.
Thereupon, on the 29th day of April, 1891, said Samuel S. Knight brought this action in replevin in the court of common pleas, and replevined the property and gave bond. It was admitted that the amount due McKeon on the judgment was $392.56. Upon the trial considerable evidence was offered as to the value of the property, and there was quite a diffei’ence between the evidence of the plaintiff, and that of the defendant, ranging from $500 for plaintiff to $1,600 for defendant, but as to the other matters there was practically no difference, and it was to the effect above stated. It should be remarked that there was a flat-boat included in last levy by the constable, which was not in the original attachment, and this was replevined in this action.
Upon the conclusion of the evidence and argument, the court instructed the jury to find the following verdict:
“ We, the jury on the issues joined, find that at the commencement of this action the right of property and of possession of the flat-boat described in the petition was in the plaintiff, and we do assess his damages at one cent; and as to the other property and possession was in the defendants, and we do assess the damages at $392.56.”
Was this error ?
Whether it is or not, we think, depends upon the rights of the parties"'growing out of the action in replevin, by which said Samuel S. Knight replevined the property from the defendant Kinney, ,the constable, while holding said property in attachment.
It is claimed by the plaintiff in error that when Knight replevined the property and gave the bond in replevin, that the constable, Kinney, lost all his right to the property, and that the bond took the place of the property, as held in the case of Smith v. McGregor, 10 Ohio St. 461, and approved in Crittenden v. Lingle, 14 Ohio St. 185, and Carty v. Fenstemaker, 14 Ohio St. 463; and in our opinion this *61 claim is well founded. In argument, defendant claimed that under the law of Ohio as amended on April 4, 1891, 88 Ohio L., page 273, et seq., this rule of law no longer applies, and with this view we agree. But if the law as amended changes the law in our state as to the bond vesting the title to the property in the person giving it, still it could have no application in this action. The law as amended was passed April 3, 1891, and the action in replevin was brought April 19,1891. But the act of April 3 contained no provision that it should go into effect at once, and therefore it came under the general provision of the statute which enacts that all laws, unless otherwise provided, shall go into effect on the 1st day of May after its passage.
S. T. Crawford, for Knight.

liaison & Ahlering, contra.

It followed, therefore, that when Knight replevined the property from the constable and gave the bond, the title to the property replevined became vested in him. The subsequent finding of the jury that at the time the property was replevined Knight was not entitled to the possession, did not change the right of property. Knight’s bond took the place of the property, and the constable should have had his damages found by the jury, and have proceeded on the bond to make himself whole. This he did not do, but proceeded to levy on the property to satisfy his judgment. Knight again replevined the property, claiming to hold it as exempt from levy and sale by reason of the fact that he was the head of a family, a resident of the state, and not the owner of a homestead or other property, and that the same was not of greater value than $500. If this were true, we see no reason why plaintiff was not entitled to recover. Whether true or not, it was a question for the jury. The defendant controverted the question as to the value. But the court took the consideration of the case from the jury and directed the verdict above referred to. In doing this, we think the court erred, and and for this reason the judgment will be reversed, and the case be remanded for a new trial.